IN RE THE MARRIAGE OF J. VAUGHAN BARRON, PETITIONER
AND APPELLANT, *v.* KALMIA K. BARRON, RESPONDENT AND
RESPONDENT.

No. 13950.
Submitted March 3, 1978.
Decided June 28, 1978.
580 P.2d 936.

162

Howard F. Strause (argued), Great Falls, for petitioner and appellant.

C. W. Leaphart, Jr. (argued), Helena, for respondent and respondent.

MR. JUSTICE HARRISON delivered the opinion of the Court.

This is an appeal from a portion of a decree of divorce entered in District Court, Lewis and Clark County, Hon. Peter Meloy presiding without a jury.

Petitioner brought this action for a dissolution of his marriage; an equitable distribution of the property of the parties; and, for determination of the amount of child support payments to be paid to respondent. The District Court dissolved the marriage; made a division of their property; set the amount of child support and alimony payments; and, required the petitioner to pay respondent's attorney fees. From the judgment, as it relates to child support and alimony payments and the requirement that petitioner pay respondent's attorney fees, petitioner appeals.

On January 19, 1977, husband petitioned the court for dissolution of his marriage. The petitioner requested the court to hold an evidentiary hearing to determine an equitable division of property and the proper child support payment. The matter was heard before the court on March 30 and 31, 1977. On May 12, 1977, the court entered its decree of dissolution of marriage and property distribution. That decree includes findings of fact and conclusions of law which form a basis for this appeal.

The court awarded the wife the care, custody and control of the two minor children of the parties. The husband was ordered to pay as child support the sum of $175 per month per child and for the medical, dental and hospital costs and expenses of the minor children. The husband is to pay the wife as alimony the sum of $150 per month commencing May 1, 1977 and continuing through the months of June, July, August and September, 1977.

The husband is to make all house payments on the residence jointly owned by the parties; the payments to include principal, interest, taxes and insurance. The payments are to continue until the home is sold after the children complete high school or upon the wife's remarriage. One-half of each house payment shall constitute alimony to the wife and shall be taxable to her income and deducted by the husband as such. From the testimony presented at trial, it is estimated the house payments and approximately $200 per month.

The decree also specified that husband pay wife's attorney fee in the amount of $2,000. The transcript does not reveal any evidence pertaining to the reasonableness of the attorney fee or the amount of work performed for the wife by her attorney.

This appeal presents three issues attacking the District Court's findings of fact and conclusions of law:

1. Whether the District Court erred in requiring petitioner to pay respondent$2,000 for her attorney fee, without requiring proof to demonstrate the proper amount of such fee.?

2. Whether the findings of fact and conclusions of law issued by the District Court fulfill the requirements of Rule 52(a), M.R.Civ.P.?

3. Whether the amount of the District Court's award of child support and alimony to respondent is supported by the evidence presented at trial?

Issues 1 and 3 challenge the sufficiency of the evidence and Issue 2 challenges the procedural propriety of the findings and conclusions under Rule 52(a), M.R.Civ.P. The transcript on appeal reveals that at no time did petitioner object to the findings; present proposed findings of his own; or, move for a new trial or for an amendment of the findings and conclusions.

Montana law provides that in all actions tried upon the facts without a jury, the court is under an obligation to issue findings of fact and conclusions of law. Rule 52(a), M.R.Civ.P., states:

"In all actions tried upon the facts without a jury on with an advisory jury, the court shall find the facts specially and state

separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its actions. Requests for findings are not necessary for purpose of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient in the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

To determine the effect of Rule 52(a), M.R.Civ.P., it is necessary to first define what is meant by the terms "findings of fact and conclusions of law." This Court has said that findings of fact and conclusions of law are not the judgment, but merely the foundation for the judgment. *State ex rel King v. District Court*, (1939), 107 Mont. 476, 480, 86 P.2d 775. This foundation need not consist of a multitude of evidentiary facts, but must be comprised of ultimate facts.

In other words, the findings of fact required by Rule 52(a) is nothing more than a recordation of the essential and determining facts upon which the District Court rested its conclusions of law and without which the District Court's judgment would lack support. There are several reasons why it is important this recordation be made. The purpose of requiring findings of fact is three-fold: 1) as an aid in the trial judge's process of adjudication; 2) for purposes of res judicata and estoppel by judgment; and 3) as an aid to the appellate court on review. 5A Moore's Federal Practice ¶ 52.06[1].

After a careful review of the record, we find considerable conflicting evidence. The findings and conclusions of the trial court are clear to this Court, even if not entirely in the recom-

mended form. However, there was no post trial procedures to correct this. We find substantial credible evidence to support the trial judge's judgment on the merits.

■ We find a lack of evidence that would satisfy the requirements of *Crncevich v. Georgetown Rec. Copr.*, (1975), 169 Mont. 113, 541 P.2d 56, and *First Security Bank of Bozeman v. Tholkes*, (1976) 169 Mont. 422, 547 P.2d 1328, to support the award of attorney fees in the judgment.

The judgment of the trial court on the merits is affirmed. The cause is remanded to the trial court for an evidentiary hearing to establish attorney fees.

MR. CHIEF JUSTICE HASWELL, MR. JUSTICE DALY, J., and BERNARD THOMAS, District Judge, concur.