No. 80-126

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE MONTANA POWER COMPANY,

Plaintiff and Appellant,

-vs-

GAY L. KRAVIK,

Defendant and Respondent.

---

Appeal from:  District Court of the Twelfth Judicial District,
              In and for the County of Hill, The Honorable
              B. W. Thomas, Judge presiding.

Counsel of Record:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
        Montana

    For Respondent:

        Aronow, Anderson, Beatty & Lee, Shelby, Montana

---

Submitted on Briefs:  August 1, 1980

Decided: AUG 27 1980

Filed: AUG 27 1980

_____
Thomas J. Kearney
                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Montana Power Company appeals from the judgment entered March 17, 1980, in the District Court, Twelfth Judicial District, Hill County, and from the findings of fact and conclusions of law and the order entered in that case.

Specifically, the Montana Power Company appeals from the refusal of the District Court to adopt a certain finding with respect to its total cost of purchasing gas from lessors under the decision made by the District Court. It also requests a finding by us that the method adopted by the District Court for determination of market price and procedures for future adjustments thereof are consistent with a remand from this Court in a prior appeal.

The issues arise out of an oil and gas lease executed in 1967 between Kravik, owner of certain lands in Hill County, and the Montana Power Company, by which the company agreed to pay royalties in the amount of "one-eighth (1/8) of the market price of the gas in its natural state at the well." The oil and gas lease subsequently became a part of a pooling agreement, after Montana Power Company completed a well on the Kravik lands in 1969. At all times since, the well has produced natural gas in commercial quantities. Montana Power Company is the lessee, producer, purchaser and distributor for all the gas taken from the well. The gas does not move in interstate commerce.

The principal issue before the District Court was the meaning of the phrase "market price" of the gas produced. Montana Power Company commenced a declaratory judgment action in the District Court to have a determination made as to the meaning of that clause after Kravik demanded increased

-2-

payments on gas being produced on his lands. Kravik counterclaimed for like relief. An earlier decision of the District Court came before us in 1978, and in that case we issued an opinion, Montana Power Co. v. Kravik (1978), ___ Mont. ___, 586 P.2d 298, 35 St.Rep. 1568, setting out instructions to the District Court for determining "market price" of the gas produced on the Kravik lands. On remand, the District Court took further evidence, established a market price for the natural gas of $1.75 per thousand cubic feet and provided in the judgment which is now appealed from that "if the market conditions change materially, the Montana Power Company and Gay L. Kravik . . . should attempt to agree upon a market price figure taking into consideration the factors [set out in the conclusions of law],. . . and if an agreement cannot be reached, the parties are free to come back into Court for a judicial determination of market price at that time, and the Court will retain continuing jurisdiction of this controversy for such purpose."

The appeal of the Montana Power Company raises two issues: (1) that the District Court should have adopted an additional finding to the effect that the prospective costs to the Montana Power Company and its gas customers of royalty payments to Kravik and others similarly situated, based upon the market price of $1.75 per MCF, will amount to approximately $1,525,000 annually; and, (2) a determination by this Court that the procedures adopted by the District Court for determining market price and for future adjustments are consistent with our remand.

Montana Power Company contends that the additional finding should have been adopted by the District Court because, without objection by Kravik, testimony was admitted

-3-

by stipulation which included a number of exhibits setting forth an expert's opinion of the estimated increased royalty costs to the Montana Power Company, assuming a royalty price as adopted by the District Court.

Kravik contends that the proposed additional finding is irrelevant to the issues in the dispute between Kravik and the Montana Power Company over the meaning of "market price."

Rule 52(a), M.R.Civ.P., requires the District Court, in a nonjury trial, to find the facts specially and state separately its conclusions of law. The purpose of the rules requirement of findings of fact in nonjury cases is three-fold: (1) as an aid in the trial judge's process of adjudication, (2) for purpose of res judicata and estoppel by judgment and, (3) as an aid to the appellate court on review. Marriage of Barron (1978), ____ Mont. ___, 580 P.2d 936, 938, 35 St.Rep. 891, 894.

Montana Power Company commenced this case alleging in substance that a dispute existed between it and Kravik as to the proper interpretation of the words "market price" in the oil and gas lease, and that a legal determination of that term was required to instruct the Montana Power Company in fulfilling its lease obligations.

Kravik counterclaimed, asking the District Court to determine the market price for the gas which was produced from his lands by the Montana Power Company and asking for some incidental relief.

Montana Power Company replied to the counterclaim, setting up laches as to past payments made, and again requesting the District Court to grant the declaratory judgment relief prayed for in its complaint.

Thus, the issues in this case relate solely to the dispute between Kravik and the Montana Power Company as to

-4-

the meaning of the term "market price" in the oil and gas lease. The total cost to the Company of the determination made by the District Court, taking into consideration all other lessors with whom Montana Power Company may be purchasing gas, was not an issue contested in the case before the District Court, even though the evidence from the expert went in by stipulation and uncontested by Kravik. Even before the adoption of Montana Rules of Civil Procedure, this Court held in Thompson v. Bantz (1959), 136 Mont. 210, 215, 346 P.2d 982, 985, that where no issue of fact is made by the pleadings, the court cannot go outside the issues and make findings upon questions not in dispute. The same rule obtains under the Montana Rules of Civil Procedure. The District Court was not required to make a finding on a fact which had no real relevance to the prime issue between Kravik and the Montana Power Company: what should the Montana Power Company pay to Kravik as the "market price" of gas produced from Kravik's lands under the lease.

With respect to the second question raised by the Montana Power Company, whether the District Court conformed to the remand of this Court in its determination of procedures for the future setting of market price, there is no objection by Kravik on appeal. We find that the District Court properly provided, by retaining jurisdiction as it has, a method for the parties to attempt readjustment of their rate of payment, before further litigation. As we said in the earlier decision when this case was before us, "if an agreement cannot be reached, the parties are always free to come back into court for a judicial determination . . ." 586 P.2d at 304.

The judgment of the District Court is affirmed.

John C. Sheehy
Justice

-5-

We Concur:

_Frank I. Haswell_____
Chief Justice

_Gene B. Daly_____

_John Conway Harrison_____

_Daniel J. Shea_____
Justices