No. 95-003

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF:
DEANNA K. SCOTT

       Petitioner and Respondent,

and

GEORGE M. SCOTT,

       Respondent and Appellant.

FILED

AUG 24 1995

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Wayne Jennings, Bozeman, Montana

      For Respondent:

      Richard Larson, Helena, Montana

Submitted on Briefs:  April 6, 1995

Decided:  August 24, 1995

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Respondent/Appellant, George M. Scott (George), appeals from a judgment entered by the Eighteenth Judicial District Court, Gallatin County, dissolving his marriage with his wife Deanna K. Scott (Deanna) and distributing the marital estate. We remand.

## ISSUES

George raises the following issues on appeal:

1. Did the District Court err in finding that Deanna made a greater contribution in acquiring the marital assets?

2. Did the District Court err in requiring George to pay Deanna for lost rental income that could have been realized during their period of separation?

3. Did the District Court err in allowing Deanna to recover post-separation payments while not allowing George to do the same?

4. Did the District Court err in using different property values between its findings of fact and its conclusions of law?

5. Did the District Court err in awarding the family home to Deanna, rather than ordering its sale in an escalating market?

6. Did the District Court err in excluding Deanna's royalty receipts from the marital estate?

7. Did the District Court err in its distribution of George's pension benefits?

We have reviewed the record and have considered the arguments and the authorities cited. We conclude that substantial evidence supports the District Court's findings of fact and conclusions of law with respect to issues 1, 3, 5, and 6, and accordingly, we decline to address these further. Issues 2, 4, and 7 require further consideration, however.

I. Did the District Court err in requiring George to pay Deanna for lost rental income that could have been realized during their period of separation?

2

II. Did the District Court err in using different property values between its findings of fact and its conclusions of law?

III. Did the District Court err in its distribution of George's pension benefits?

BACKGROUND

George and Deanna were married in Miles City, Montana, in 1972. On August 23, 1991, Deanna petitioned the District Court for the Eighteenth Judicial District, Gallatin County, to dissolve her marriage with George. Following a bench trial, the District Court filed its findings of fact and conclusions of law on October 22, 1993. After hearing arguments on the parties' motions to amend the findings of fact and conclusions of law, the District Court entered its judgment dissolving the marriage and distributing George and Deanna's property.

George worked primarily in construction, but occasionally during the winter months he worked as a mechanic. Deanna helped form Frontier Scientific Company which was bought out by Video Lottery Consultants. Deanna receives royalties from the sale of games engineered by Frontier Scientific.

The major assets acquired during the marriage included a house in Bozeman, a lot in the Hyalite Heights subdivision in Bozeman, an airplane, various cars, including a 1986 Honda, rifles, tools, George's pension, and miscellaneous items of personal property belonging to both Deanna and George. The District Court awarded Deanna the house in Bozeman, one half of the proceeds from the sale of the lot the couple had owned in the Hyalite Heights subdivision in Bozeman, miscellaneous personal property, and three lump sum

3

payments for her interest in George's pension. Additionally, the District Court required George to pay $5,582 to Deanna to equalize her cost of maintaining the marital property, $11,830 to Deanna for lost rental income from the house in Bozeman, and approximately $4,500 to the Internal Revenue Service. George appeals the District Court's judgment entered October 26, 1994, dissolving the marriage and distributing the marital estate.

## DISCUSSION

### I.

Did the District Court err in requiring George to pay Deanna for lost rental income that could have been realized during their period of separation?

George claims that there was insufficient evidence to support the District Court's award of $11,830 lost rental income to Deanna.

We review a district court's division of marital property to determine if the district court's findings of fact are clearly erroneous. In re Marriage of Zander (1993), 262 Mont. 215, 221, 864 P.2d 1225, 1229. The findings of fact must form "a recordation of the essential and determining facts upon which the District Court rested its conclusions of law and without which the District Court's judgment would lack support." In re Marriage of Schultz (1979), 183 Mont. 20, 24, 597 P.2d 1174, 1177 (quoting Marriage of Barron (1978), 177 Mont. 161, 164, 580 P.2d 936, 938).

Thus, when substantial credible evidence supports the trial court's findings and judgment, this Court will not alter the trial court's decision unless there has been an abuse of discretion. In re Marriage of Maedje (1994), 263 Mont. 262, 265-66, 868 P.2d 580, 583 (citing In re Marriage of Scoffield (1993), 258 Mont. 337, 852

4

P.2d 664). Substantial evidence is "evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." In re Marriage of Davies (1994), 266 Mont. 466, 472, 880 P.2d 1368, 1372 (quoting Barrett v. Asarco Inc. (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080).

George claims that the District Court based its award of $11,830 for lost rental income on a mere scintilla of evidence. We agree that the District Court lacked a sufficient evidentiary basis to support its conclusion to award Deanna $11,830 in such rent.

The record is not clear on the issue of rent. In fact, the District Court had very little evidence on which to base its conclusion. The transcript contained evidence that both parties owned the house, and that there were periods when neither of them lived in it. Deanna paid the bills pertaining to the house. George had two nephews that lived in the house at some point during George and Deanna's period of separation. The nephews paid $200 a month for rent for at least part of the time that they lived in the house. During Deanna's direct examination, she answered the following questions regarding rent:

Q. Are you familiar what property rents for in the Bozeman area?

A. It's very high.

Q. Have you rented property yourself in the last couple years?

A. Yes.

Q. Can you tell us what you believe the house would have rented for, had it been put on the market for renting?

5

A.   I think it could easily have rented for $650 a month. This was the only discussion relating to the value of the house as a rental.

Other than the above, the record is devoid of essential facts. It is unclear when both George and Deanna lived in the house. While it appears that George's nephews also lived in the house for at least part of the period of George and Deanna's separation, we cannot tell for what part of that period. Moreover, we cannot tell if George charged his nephews rent for the full time that they lived in the house or for just part of that time. Deanna stated that the nephews paid $200 a month for rent, but she did not state if they paid $200 a piece or $200 for the two of them. Notwithstanding that the nephews may have paid rent, it is unclear whether the District Court factored the nephews' rent into its decision.

Since both parties owned the house, and there were periods when neither occupied it, both had the option to rent it.  To the extent that one party precluded the other from renting it, that party may be liable to the other party for one half of the lost rental income.   Yet the District Court did not state the time period that the house should have been rented, nor whether George precluded Deanna from renting the house.

While the District Court may have had the discretion to award the $11,830 lost rental income to Deanna, it did not have sufficient evidence in the record on which to base its decision in that regard.   Moreover, there is an insufficient record for us to

6

determine how the District Court made its decision. We remand to the District Court for reconsideration of its award of lost rental income to Deanna. In this regard, the District Court shall receive further evidence and shall then enter appropriate findings of fact and conclusions of law supporting its decision to either award or not award such rent.

## II.

Did the District Court err in using different property values between its findings of fact and its conclusions of law?

George claims that the District Court assigned different values to the tools, household items, construction equipment, and various cars, including the 1986 Honda, in its findings of fact and conclusions of law, so that the values assigned in the conclusions of law exceeded the values assigned in the findings of fact. George further claims that the discrepancy arose when the District Court adopted Deanna's conclusions of law wholesale, except for attorney fees. Because we remand to the District Court for further proceedings under Issue I., we also direct the District Court to correct the discrepancy in property values between its findings of fact and its conclusions of law.

## III.

Did the District Court err in its distribution of George's pension benefits?

George and Deanna stipulated that the present value of George's operating engineer's pension benefits is $14,365. George stated that he is not eligible to receive the pension benefits until after his 65th birthday. In its conclusions of law, the

7

District Court included George's pension benefits in the marital estate and awarded Deanna $6,113 of the pension benefits. The District Court further ordered George to pay Deanna in three annual installments with ten percent interest per year, the first installment to be paid one year after entry of decree.

George contends that the District Court improperly ordered him to pay Deanna a lump sum of his pension benefits rather than allowing him to assign a portion of his pension benefits to Deanna. We have held that in determining if a lump sum award of a retirement pension is appropriate, the district court should consider the burden it would place on the paying spouse in view of child support, spousal support, and other property distribution. Glasser v. Glasser (1983), 206 Mont. 77, 85, 669 P.2d 685, 689; In re Marriage of Keedy (1991), 249 Mont. 47, 52, 813 P.2d 442, 445. In Keedy, we concluded that requiring an immediate payout of pension benefits placed an unreasonable burden on the paying spouse in light of his financial standing. Keedy, 813 P.2d at 445.

In the instant case, there is no indication that the District Court considered the burden placed on George in light of his financial standing. In fact, the record fails to show how the District Court made its determination to award Deanna a lump sum payment of her portion of George's pension benefits. Therefore, we remand to the District Court for reconsideration of its award of a of a portion of George's pension benefits to Deanna. In this regard, the District Court shall enter appropriate findings of fact and conclusions of law supporting its decision to either award or

8

not award a lump sum form of payment to Deanna.

Remanded for further proceedings consistent with this opinion.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9