No. 97-668

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 126N

IN RE THE MARRIAGE OF

LISA LOU STROUF,

Petitioner and Respondent,

and

THOMAS LEE STROUF,

Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John J. Cavan; Cavan & Smith, Billings, Montana

For Respondent:

J. Reuss; Wright, Tolliver & Guthals, Billings, Montana

Submitted on Briefs: April 23, 1998

Decided: May 28, 1998
Filed:

_____
Clerk
Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

Appellant Thomas L. Strouf (Tom) appeals from the second amended judgment of the Thirteenth Judicial District Court, Yellowstone County, awarding Respondent Lisa L. Strouf (Lisa) physical custody of the couple's two minor children for at least 181 days each year. We affirm.

## Factual and Procedural Background

Tom and Lisa were married September 10, 1983. They have two children: Joshua, age 13; and Ashley, age 11. On September 9, 1996, Lisa filed a petition asking that the marriage be dissolved, property be apportioned, and provision made for the custody of the children. Pursuant to stipulation of the parties, the District Court ordered Court Services of the Thirteenth Judicial District (Court Services) to investigate the home and circumstances and make appropriate recommendations to the court regarding the care, custody, and control of the minor children. Court Services completed the examination and recommended that Tom and Lisa should continue to share joint legal and residential custody. The report suggested a custody plan by which the children would reside with Tom during the school year and with Lisa on weekends and during the summer.

The District Court did not interview Joshua or Ashley regarding their opinions on the custody issue. However, Court Services interviewed the children and summarized the interviews in its report. The report noted that: "The children were adamant in their beliefs that they should stay with their father."

On March 12, 1997, the District Court held a hearing on the matter. In its findings of fact and conclusions of law, the District Court found that it would be in the best interests of the minor children if the parties had joint custody and adopted the custody plan suggested by Court Services. The court found that Tom and Lisa should have "joint custody of their two minor children, with Tom serving as primary residential custodian, but time with the children shared as equally as possible." On June 3, 1997, the court entered a judgment reflecting these findings. On July 16, 1997, the District Court entered an amended judgment, which added the following provision: "Furthermore, custody shall be allocated in such a way as to assure that [Lisa] has physical custody at least 181 days per year."

## Standard of Review

We review a district court's award of child custody to determine whether its findings are clearly erroneous. In re Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021. When the district court's findings are supported by substantial credible evidence, and thus not clearly erroneous, this Court will uphold the district court's decision unless a

clear abuse of discretion is shown.  Marriage of Dreesbach, 875 P.2d at 1021.

Discussion

7    Tom argues that the District Court's findings of fact and conclusions of law do not support the second amended judgment's granting of  181 days of physical custody to Lisa.  Findings of fact and conclusions of law are not the judgment, but merely the foundation for the judgment.  In re Marriage of Barron (1978), 177 Mont. 161, 580 P.2d 936.  Thus, we look to both the district court's express reasoning and the record to determine whether there is substantial evidence to support the judgment.  Frazier v. Frazier (1984), 208 Mont. 150, 676 P.2d 217.  In this case, we recognize the apparent incongruity between the District Court's conclusion that Tom should be primary custodian pursuant to the Court Service's custody plan and its award of 181 days to Lisa.  Nonetheless, we determine that the second amended judgment is supported by substantial evidence.

8    The joint custody statute,  40-4-224, MCA (repealed 1997), suggests a preference for joint physical custody, if that arrangement is in the best interest of the child.  Tom argues that the District Court did not properly consider the children's best interests.  He contends that had the court interviewed the children, it would have learned that they both adamantly prefer to live with him.  The district court, in its discretion, may elect not to interview a child if there is other evidence from which the child's best interests can be determined.  McDowell v. McDowell (1994), 263 Mont. 252, 868 P.2d 1250.  In this case, Court Services interviewed the children and included excerpts from the interview in its report.  The Court Services' report, which is part of the record, states that the children both choose to live with their father.  The District Court had sufficient evidence before it to consider the children's wishes and was within its discretion in choosing not to interview them personally.

9    At the hearing, Tom testified concerning Lisa's role as a parent prior to their separation.  He testified that she was often remiss in her housekeeping duties and that, at times, he was genuinely concerned about whether she would feed the children.  However, he also testified that he did not cook, clean, or know how to wash clothes.  The District Court found that Tom's testimony regarding Lisa's care of the children was exaggerated and not credible.

10   Lisa testified that Tom often attempted to make the children fear and mistrust her or to embarrass her in front of them.  Tom denied doing this, but admitted that he was very angry at Lisa over the circumstances surrounding their separation. The District Court found Lisa more credible on this matter and held that Tom's attempts to turn the children against Lisa demonstrated a lack of care and concern for them.  However, the court also found that Lisa put her own interests ahead of those of the children at times.  The District Court concluded that "[b]oth parents displayed some distasteful parenting behaviors and both need to practice more positive parenting skills in the future . . . ."  None of these findings are clearly erroneous, and they support the second amended judgment.

11   We determine that the District Court did not abuse its discretion in

awarding Lisa  physical custody of the children 181 days each year.  Based on the foregoing, we affirm the decision of the District Court.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  J. A.  TURNAGE

/S/  JIM REGNIER

/S/  KARLA M. GRAY

/S/  TERRY N. TRIEWEILER