No. 04-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 125

IN RE THE MARRIAGE OF:

JACQUELYN LAWRENCE, n/k/a
JACQUELYN BREBER,

      Joint-Petitioner and Respondent,

   and

JASON LAWRENCE,

      Joint-Petitioner and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. BDR-01-089,
The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Tonja D. Schaff, Falcon, Lester & Schaff, P.C., Great Falls, Montana

      For Respondent:

            Jeffrey S. Ferguson, Hoines & Ferguson, PLLP, Great Falls, Montana

           Submitted on Briefs:  September 14, 2004

                 Decided:  May 17, 2005

Filed:

_____
                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 The marriage of Jason Lawrence ("Jason") and Jacquelyn Lawrence ("Jackie") was dissolved in 2001. One child was born during their marriage and the parties agreed to a parenting plan sharing the child equally. In 2003 Jackie moved the District Court to modify the parenting plan as she had remarried and planned to relocate out of state. The District Court ultimately adopted a final parenting plan whereby the child would move with Jackie, but Jason would have the child during the summer, spring break, and alternating holidays. Jason appeals.

¶2 Jason raises several issues on appeal, but because the first issue is dispositive we decline to address the other issues and restate the sole issue before this Court as follows:

¶3 Must the District Court be reversed because it did not issue findings of fact and conclusions of law supporting a Final Amended Parenting Plan?

¶4 We conclude we must reverse the District Court and remand for entry of findings of fact and conclusions of law.

**FACTS AND PROCEDURAL HISTORY**

¶5 Jason and Jackie were married on March 4, 1997, in Great Falls. One child was born of the marriage. Jason and Jackie's marriage was dissolved on February 28, 2001. At that time the parties had agreed on a parenting plan for their child and that plan was approved by the court. That parenting plan basically provided that the parents would each have the child one-half of the time.

¶6 On June 30, 2003, Jackie filed a motion to modify the parenting plan based upon her

2

plans to relocate out of state. Jackie presented the District Court with a modified parenting plan whereby she has the child during the school year in Wisconsin and Jason has the child during summers, spring break, and alternating holidays. Jason objected to Jackie's proposed parenting plan and proposed his own plan whereby the child would remain in Montana with Jason during the school year and Jackie would have the child for summers, spring break, and alternating holidays.

¶7	The District Court entered a Final Amended Parenting Plan on October 31, 2003. This final parenting plan provided that the child would move to Wisconsin with Jackie and that Jason would have time with the child during school holidays and breaks.

¶8	On November 18, 2003, Jason filed a motion for relief under Rules 52, 59, and 60, M.R.Civ.P. Jackie filed a response brief. The District Court failed to rule upon the motions and therefore they were deemed denied. Jason appealed arguing that the District Court's failure to issue findings of fact in support of the final amended parenting plan was reversible error.

¶9	Additional facts are set forth below as necessary.

**STANDARD OF REVIEW**

¶10	We review a district court's findings relating to custody modification to determine whether those findings are clearly erroneous. *In re Custody of Arneson-Nelson,* 2001 MT 242, ¶ 15, 307 Mont. 60, ¶ 15, 36 P.3d 874, ¶ 15. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehends the effect of the evidence, or this Court's review of the record convinces it that a mistake has been made. *In re Custody*

3

*of Arneson-Nelson,* ¶ 15. This Court will reverse a court's decision to modify custody or visitation only where an abuse of discretion is clearly demonstrated. *In re Custody of Arneson-Nelson,* ¶ 15.

## DISCUSSION

¶11    A district court is authorized to modify a parenting plan if it determines that the child's circumstances have changed since the prior plan was entered and that the modification serves the best interests of the child. Section 40-4-219, MCA. Here, neither party denies that the mother's move constitutes a change in circumstances for purposes of modification.

¶12    However, the parties do argue as to whether the District Court was required to make express findings regarding the best interests of the child in support of its adoption of the final amended parenting plan. Section 40-4-219(1), MCA, provides: "[t]he court may in its discretion amend a prior parenting plan if it *finds*, . . . that the amendment is necessary to serve the best interest of the child." [Emphasis supplied.] The plain language of this statute requires a district court to make findings.

¶13    Once the jurisdictional prerequisite required by § 40-4-219, MCA, is met, the court may proceed to modify the custody arrangement applying the "best interest" criteria set forth in § 40-4-212, MCA. *In re Marriage of Syverson* (1997), 281 Mont. 1, 20, 931 P.2d 691, 702 relying on *In re Marriage of Johnson* (1994), 266 Mont. 158, 879 P.2d 689. Section 40-4-219, MCA, also sets out factors, in addition to those in § 40-4-212, MCA, a district court may consider when inquiring as to the best interests of the child.

¶14    The record reflects and the parties do not dispute that the District Court failed to issue

4

written or oral findings of fact and conclusions of law in support of the final amended parenting plan.

¶15 Montana Rule of Civil Procedure 52(a) provides: "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon . . . ."

> In other words, the findings of fact required by Rule 52(a) is nothing more than a recordation of the essential and determining facts upon which the District Court rested its conclusions of law and without which the District Court's judgment would lack support. There are several reasons why it is important this recordation be made. The purpose of requiring findings of fact is three-fold: 1) as an aid in the trial judge's process of adjudication; 2) for purposes of res judicata and estoppel by judgment; and 3) as an aid to the appellate court on review.

*In re Marriage of Barron* (1978), 177 Mont. 161, 164, 580 P.2d 936, 938.

¶16 Rule 52(a), MCA, also provides: "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion." However, in light of the plain language of § 40-4-219, MCA, we conclude that a petition for modification or amendment of a parenting plan, regardless of the label affixed by the parties, is not a motion contemplated by Rule 52(a) and findings of fact are required.

¶17 When applying the best interests of the child standard, we have required the trial court to set forth some, although not extensive, findings. *See, e.g., In re Marriage of Bukacek* (1995), 274 Mont. 98, 106, 907 P.2d 931, 936; *In re Marriage of Ulland* (1991), 251 Mont. 160, 167, 823 P.2d 864, 869.

¶18 Therefore, although specific findings as to each element in § 40-4-212, MCA, are not necessary, the court must set forth "the essential and determining facts upon which its

5

conclusions rest." *See* § 40-4-219, MCA; *see also Ulland,* 251 Mont. at 167, 823 P.2d at 869. Here, the amended final parenting plan sets forth no findings and thus, the District Court abused its discretion by modifying the parenting plan without making the required findings and conclusions.

¶19    Because the record is void of any oral or written findings of fact, we are unable to determine the reasons why the District Court adopted the final parenting plan of October 31, 2003, and cannot determine the "essential and determining facts upon which its conclusions rest."

## CONCLUSION

¶20    We reverse and remand to the District Court for entry of findings of fact and conclusions of law.


/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

6