JUSTICE NELSON
dissents.
¶36 In In re Marriage of Bartsch, 2004 MT 99, 321 Mont. 28, 88 P.3d 1263 (“Bartsch I), we addressed five issues. We held that the District Court did not err in valuing the Bartsch Farms, Inc. shares of stock at $3.62 per share, Bartsch I, ¶ 27 (Issue 2), and we held that the District Court did not err in awarding Patsy the cash and surrender values of Alvin’s life and annuity policies, Bartsch I, ¶ 34 (Issue 3).
¶37 The three other issues we addressed were as follows: did the District Court err in finding that an equitable distribution of marital property automatically required an equal distribution (Issue 1); did the District Court abuse its discretion in awarding Patsy $119,773.50 (Issue 4); and was the District Court’s granting of a security interest in Alvin’s Bartsch Farms, Inc. shares contrary to the law (Issue 5). As to each of these three issues, we reversed the District Court’s findings of fact and conclusions of law regarding its distribution of the marital estate and remanded for specific findings regarding whether Patsy contributed to the preservation or appreciation of the gifted property and, if so, specifically how and to what extent she contributed. See Bartsch I, ¶¶ 20, 38, 42. We reversed and remanded within the context of, and under our holding in, In re Marriage of Steinbeisser, 2002 MT 309, 313 Mont. 74, 60 P.3d 441. See Bartsch I, ¶¶ 18-20.
¶38 In Steinbeisser, we addressed, among other issues, the question of whether the district court erred when it awarded the wife two-thirds of the appreciated value of the husband’s pre-acquired property. See Steinbeisser, ¶¶ 44-54. Quoting § 40-4-202(1), MCA, we emphasized *397 that in dividing property acquired prior to the marriage and the increased value of property acquired prior to the marriage, the court must consider the contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker, the extent to which such contributions have facilitated the maintenance of this property, and whether or not the property division serves as an alternative to maintenance arrangements. Steinbeisser, ¶ 47.
¶39 Just as important, we went on to reiterate well-established principles from our jurisprudence. Specifically, we observed:
The non-acquiring spouse is entitled to an equitable share of only the appreciated or preserved value which is attributable to his or her efforts. A court cannot distribute to the non-acquiring spouse property acquired prior to the marriage when there is no evidence that the spouse made any contribution to those assets in any form. Absent a showing of contribution, being the family homemaker does not alone entitle one to the appreciation in the property. Finally, a non-acquiring spouse is not entitled to a share of the increase in premarital property when the property’s appreciation is due simply to market factors.
Steinbeisser, ¶ 47 (emphasis added, citations omitted).
¶40 Reviewing the District Court’s findings of fact at issue in this appeal, I cannot conclude that the court complied with our order in Bartsch I by making the specific findings of fact on the three issues remanded within the context of our decision in Steinbeisser. Rather, complete with errors in math, the court basically divided the marital estate 80/20 without specific findings as to the factors referred to in § 40-4-202(1), MCA, or the factors referred to in Steinbeisser, listed above. While the Court’s Opinion here justifies the District Court’s decision on the basis of trial courts’ broad discretion in distributing marital property, that is wholly insufficient, given our remand instructions in Bartsch I.
¶41 Indeed, there are no specific findings that show how exactly Patsy’s efforts as a homemaker contributed to the increased value of Alvin’s stock acquired prior to the marriage. There is no indication as to how much of the increase in value was due to changes in market factors-for example, changes in land values, changes in grain prices, the amounts and types of crops produced on the farm, droughts, costs of financing the farm, and management. Moreover, the court failed to consider that both Alvin and Patsy received wages and salaries for their work on the farm and that the payment of wages decreased the value of the corporation’s net assets and decreased the value of Alvin’s *398 shares of stock. Similarly, there was no consideration by the court that Alvin’s ownership in the family farm corporation was a minority interest of 39% of the total outstanding shares; that Alvin’s shares were acquired by gift; and that many were obtained before his marriage to Patsy.
¶42 The District Court’s findings of fact numbers 11, 12, 13, and 14 are not sufficiently specific and are, therefore, legally insufficient to answer the seminal issue of how Patsy’s homemaking efforts contributed to the appreciation in value of Alvin’s stock. Indeed, all of these findings focus solely on Patsy’s contributions as a homemaker in preserving the value of the farming stock and facilitating any appreciation in its value. That is precisely what we said trial courts may not do in Stoneman v. Drollinger, 2000 MT 274, 302 Mont. 107, 14 P.3d 12. We stated:
Drollinger is not entitled to the [farm] property simply by virtue of being the homemaker in the family. In order for her to claim an interest, she would have to prove that the value of the property had appreciated during the marriage and that she had somehow contributed to that appreciation in value.
Stoneman, ¶ 20 (citing In re Marriage of Smith, 264 Mont. 306, 312, 871 P.2d 884, 888 (1994), and In re Marriage of Herron, 186 Mont. 396, 405, 608 P.2d 97, 102 (1980)). The District Court’s findings of fact numbers 11 through 13 do not demonstrate that any such proof was admitted here. Therefore, I cannot agree with the court’s distribution of 20% of the value of the Bartsch Farms stock to Patsy absent the specific findings that we required in ¶¶ 20, 38, and 42 of Bartsch I.
¶43 In support its decision to affirm the District Court, this Court cites four cases: In re Marriage of Barron, 177 Mont. 161, 580 P.2d 936 (1978), In re Marriage of Krause, 200 Mont. 368, 654 P.2d 963 (1982), In re Marriage of Lawrence, 2005 MT 125, 327 Mont. 209, 112 P.3d 1036, and In re Marriage of Nalivka, 222 Mont. 84, 720 P.2d 683 (1986). Not one of these cases involved the trial court’s compliance-or lack thereof-with an order on remand. The general principles of law referred to in the cases cited by the Court at ¶ 18 are not at issue here because in Bartsch I, we remanded for specific findings regarding whether Patsy contributed to the preservation or appreciation of the gifted property and, if so, specifically how she contributed. Bartsch I, ¶¶ 20, 38, 42. Moreover, we reversed and remanded Bartsch I within the context of our decision in Steinbeisser (see Bartsch I, ¶¶ 18-20)-a case which pointedly held that “[a]bsent a showing of contribution, being the family homemaker does not alone entitle one to the *399 appreciation in the property.” Steinbeisser, ¶ 47 (emphasis added). Here, that is, of course, the only thing the District Court’s general findings and conclusions addressed-Patsy’s contribution solely as the family homemaker.
¶44 This Court’s default to general principles to save the District Court’s clear error flies in the face of not only our well-settled jurisprudence, but also, and more importantly, the law of this case from Bartsch I-which, as already noted, required the District Court to make “specific findings regarding whether Patsy contributed to the preservation or the appreciation of the gifted property, and if so, specifically how she contributed,” Bartsch I, ¶¶ 38, 42 (emphases added), pursuant to our decision in Steinbeisser, Bartsch I, ¶¶ 18-20. See Scott v. Scott, 283 Mont. 169, 175-76, 939 P.2d 998, 1001-02 (1997) (applying the law of the case doctrine to an appeal in a marital dissolution case); In re Marriage of Becker, 255 Mont. 357, 361, 842 P.2d 332, 334 (1992) (same).
¶45 Finally, since the District Court did not adequately resolve the matter of Patsy’s contribution to the appreciation in the value of the stock in accordance with our remand in Bartseh I, it necessarily follows that the court cannot correctly determine an equitable distribution of the non-stock marital assets pursuant to our remand here.
¶46 Quite simply, while a trial judge may exercise broad discretion in distributing a marital estate, intoning that mantra will not substitute for specific findings of fact, as required by our caselaw, on an issue involving the appreciation in value of property acquired by one spouse pre-marriage-especially where, as here, we required those findings in a prior remand of the same case.
¶47 I would reverse and remand for findings in accordance with Bartseh I not only as to Issue Two but on Issue One as well.
¶48 I dissent from our failure to do so.
CHIEF JUSTICE GRAY and JUSTICE RICE join in the Dissent of JUSTICE NELSON.