

DA 08-0105

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 73N

IN RE THE PARENTING OF K.A.R.,

A Minor,

D.R., A.R. and J.M.R.,

Petitioners and Appellees,

and

D.E.R.,

Respondent and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 07-0373
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Michelle R. Lee, Harper & Hilario, Billings, Montana

For Appellees:

Jeff A. Turner, Towe, Ball, Enright, Mackey & Sommerfeld, Billings, Montana

Submitted on Briefs: November 26, 2008

Decided: March 10, 2009

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    D.E.R. appeals from a parenting plan order regarding his 12-year old daughter, K.A.R., which was entered January 24, 2008, by the District Court of the Thirteenth Judicial District, Yellowstone County. The plan generally provides that K.A.R.'s maternal grandparents, D.R. and A.R. (Grandparents), shall for the present have residential custody of her in Montana and D.E.R. shall have telephone contact with her and supervised visitation until unsupervised visitation is approved by K.A.R.'s mental health professionals. The plan also provides for increasing visitation, most likely leading to visitation at D.E.R.'s home in Louisiana.

¶3    D.E.R. argues that the ordered parenting plan must be vacated and this case remanded for entry of a new parenting plan because the District Court did not enter sufficient findings of fact and conclusions of law to justify its decision and did not adequately consider his parental rights as guaranteed by the U.S. and Montana Constitutions.

¶4    K.A.R. was born in Louisiana November 19, 1996, to J.M.R. (Mother). K.A.R.'s mother relinquished custody of her and on April 2, 1997, the Louisiana Thirtieth Judicial

2

District Court formally granted custody of K.A.R. to the Grandparents. Shortly thereafter, the Grandparents, along with K.A.R. and her Mother, moved to Montana.

¶5      D.E.R. did not know he had a daughter in Montana and thus was not in the picture until 2006, when the Grandparents applied for Medicaid benefits for K.A.R. As part of the process to secure Medicaid payments, D.E.R. was contacted, it was determined that he is K.A.R.'s father, and he has been ordered to pay child support. Upon learning of K.A.R.'s existence, D.E.R. asked for in-person contact with her, which was denied by the Grandparents. Grandparents then filed a petition in the District Court to transfer the Louisiana custody order to Montana and to establish a revised parenting plan. The Montana District Court assumed jurisdiction and after two hearings entered the parenting plan which is the subject of this appeal.

¶6      The first hearing in the District Court was held on August 23, 2007. At this hearing, the District Court stated that if either party wished to raise the issue of whether continuation of custody of K.A.R. with her Grandparents violated constitutional principles it expected briefs before the next hearing. Based on the testimony and exhibits, the District Court also made oral findings of fact which it stated on the record, set an interim parenting plan, and set a final hearing. The District Court found that it would not be fair to K.A.R. for D.E.R. to take her back to Louisiana at that time because she did not know him. It also found that visitation should occur but should not proceed too fast. It found that D.E.R. deserved a chance to try to establish a relationship with her, but because K.A.R. had mental health issues the matter would be complicated.

3

¶7 The final hearing to establish a parenting plan was held on December 7, 2007. The District Court made oral findings of fact at the conclusion of this hearing to the effect that because of K.A.R.'s age and psychological makeup it was necessary to proceed slowly. The District Court announced that a written order would be filed later. No motion or briefs concerning constitutional issues had been filed.

¶8 On January 24, 2008, the District Court issued its order establishing a parenting plan whereby D.E.R. would at first have supervised visitation, later unsupervised visitation, and in time visits in Louisiana. The District Court also found that the parenting plan would need to be reviewed and modified depending on whether the Grandparents were more cooperative with D.E.R. having contact with K.A.R., and whether D.E.R. lived up to his parental obligations. The District Court did not enter specific findings concerning D.E.R.'s parental rights vis-à-vis the U.S. and Montana Constitutions as no motion to do so had been filed.

¶9 D.E.R. contends on appeal that the District Court did not set forth sufficient findings of fact and conclusions of law. M. R. Civ. P. 52(a) provides that in actions tried without a jury the District Court shall find the facts specially and state separately its conclusions of law. Rule 52(a) also says that it is sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence. The reasons for requiring findings of fact are to aid the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review. *In re Marriage of Lawrence*, 2005 MT 125, ¶ 15, 327 Mont. 209, 112 P.3d 1036 (citing *In re Marriage of Barron*, 177 Mont. 161, 164, 580 P.2d 936, 938 (1978)).

4

¶10     On a motion to modify or amend a parenting plan, we require that the District Court set forth findings of fact and conclusions of law. *Marriage of Lawrence*, ¶¶ 16-17. This does not mean that the District Court needs to enter specific findings as to each element in § 40-4-212, MCA. However, it must set forth "the essential and determining facts upon which its conclusions rest." *Marriage of Lawrence*, ¶ 18.

¶11     We have reviewed the record of the hearings of August 23 and December 7, 2007, and the District Court's written order of January 24, 2008. We conclude that the District Court's oral findings of fact combined with its written order set forth the essential and determining facts upon which its conclusions rest and that they are sufficient for our review.

¶12     While his counsel mentioned that D.E.R. would be filing a motion and brief concerning a violation of his constitutional rights, D.E.R. did not do so. D.E.R. now contends on appeal that his constitutional right to parent has been violated. This Court does not consider an issue presented for the first time on appeal. *In re A.N.W.*, 2006 MT 42, ¶ 41, 331 Mont. 208, 130 P.3d 619 (citing *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, 54 P.3d 38). In order to preserve a claim or objection for appeal, an appellant must first raise that specific claim or objection in the district court. *In re T.E.*, ¶ 20. The issue of whether granting the grandparents residential custody is a violation of D.E.R.'s constitutional rights is not properly before us.

¶13     Our review of the entire record reveals that the District Court's findings of fact are sufficient and supported by substantial credible evidence. The legal basis of the parenting plan ordered by the District Court is apparent from the record and is likewise sufficient.

5

¶14     Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS