FILED

07/26/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0710

DA 15-0710

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 181N

IN RE PARENTING OF:

W.D., A Minor Child.

JOHN PAUL DUNCAN,

        Petitioner and Appellant,

    v.

KRYSTIANNA SMITHSON,

        Respondent and Appellee.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDR-2015-305
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Joan Hunter, Hunter Law Office, Helena, Montana

        For Appellee:

        David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

Submitted on Briefs:  June 15, 2016

Decided:  July 26, 2016

Filed:

_____
              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    This case pertains to W.D., the minor child of John Paul Duncan ("Duncan") and Krystianna Smithson ("Smithson"), who was born in 2015. Duncan and Smithson were never married. At the time W.D. was born Duncan and Smithson were in a relationship and lived together in Helena, Montana. The relationship faded. Duncan filed a proposed parenting plan with the District Court on May 28, and served it on Smithson later that day. Smithson moved with W.D. to Cairo, Missouri, on May 29, 2015. Smithson obtained a Temporary Order of Protection on June 15, but that was dismissed by the District Court on July 23, 2015. Between May 29 and the date of the parenting plan hearing on September 11, 2015, Smithson restricted communication between Duncan and W.D. Since the parties' separation in May, Duncan has voluntarily deposited $100 per month in Smithson's bank account for child support, although no obligation had been calculated.

¶3    At the hearing both Smithson and Duncan were found to be good parents and both submitted parenting plans seeking sole custody of W.D. Duncan works as a truck driver for Solexo delivering school lunches, and his workday begins at 3:00 a.m. In his

2

parenting plan he proposed that he would wake W.D. up every workday at 3:00 a.m. for daycare. The District Court found that it was not in the child's best interest to be woken up every workday at 3:00 a.m. The record also shows that Duncan may have consented to Smithson's move to Cairo, Missouri, and may even have helped Smithson carry items out of their apartment. Based on these findings, the District Court concluded in its parenting plan that the child would live with Smithson in Missouri. Duncan was given liberal visitation and the Montana Child Support Enforcement Division ("CSED") was to calculate child support payments. When the child reaches two years of age, Duncan can request the court to amend the plan. The court's parenting plan went into effect on October 26, 2015. Duncan subsequently filed this appeal. We affirm.

¶4 Duncan presents three issues on appeal. First, he contends that the District Court erred in awarding primary custody to Smithson. Second, Duncan claims that the court did not issue a parenting schedule, and third, that the court erred in determining when the child support obligation should commence.

¶5 We review a district court's findings of fact for clear error. If the findings are supported by substantial credible evidence we will affirm the findings unless there is a clear abuse of discretion. *In re Marriage of Tummarello*, 2012 MT 18, ¶ 21, 363 Mont. 387, 270 P.3d 28. "Judgments regarding the credibility of witnesses and the weight to be given their testimony are within the province of the District Court, and we will not substitute our judgment for its determinations." *Tummarello*, ¶ 34 (citing *In re Marriage of Meeks*, 276 Mont. 237, 247, 915 P.2d 831, 837-38 (1996)).

3

¶6	District courts have broad discretion when considering the parenting of a child but the court must construct a parenting plan with the best interest of the child in mind. *Tubaugh v. Jackson* (*In re C.J.*), 2016 MT 93, ¶ 14, 383 Mont. 197, 200 P.3d 1028; § 40-4-212(1), MCA. Furthermore, we only require that the district court make sufficient findings "for this Court to determine whether the court considered the statutory facts and made its ruling on the basis of the child's best interests." *Tubaugh*, ¶ 14 (internal citations omitted).

¶7	On appeal, Duncan argues that the District Court abused its discretion in awarding primary custody to Smithson. In support of his argument Duncan cites to numerous statutes other than § 40-4-212, MCA. None of these statutes are relevant to his argument under the facts of this case. Duncan contends that the District Court did not provide grounds, pursuant to § 40-4-212, MCA, on which it concluded that it was in the child's best interest to reside with Smithson. *See In re Marriage of Lawrence*, 2005 MT 125, ¶ 18, 327 Mont. 209, 112 P.3d 1036.

¶8	The record shows that the court heard testimony from both Smithson and Duncan regarding the efficacy of their respective parenting plans and concluded that both parties had the capacity to be good parents. But the court specifically found that Duncan's plan to wake W.D. every work day at 3:00 a.m. was not in the child's best interest pursuant to § 40-4-212, MCA. Furthermore, the court found that although Duncan was a good parent, he lacked insight into "the proper parenting of an infant."

¶9	Duncan next claims that the parenting plan does not specifically detail a holiday/vacation or summer schedule and thus the court did not comply with

§ 40-4-234(2)(c), MCA. That statute states that a parenting plan "may include, at a minimum, provisions for: (c) a residential schedule specifying the periods of time during which the child will reside with each parent, including provisions for holidays, birthdays of family members, vacations, and other special occasions." Section 40-4-234(2)(c), MCA. The parenting plan designates Smithson as the primary care provider and provides a residential schedule that gives Duncan the opportunity to see W.D. as often as he can visit Cairo, Missouri, and Smithson is obliged to cover half the cost of Duncan's travel expenses. It is clear from a plain reading of the statute that the specifics regarding the vacations, holidays and other provisions for day-to-day custody are discretionary. Section 40-4-234(2)(c), MCA.

¶10 Ultimately Duncan posits that the court erred in not setting a date for the commencement of child support. However, the record shows that both parties agreed that CSED would manage the calculation and administration of child support. CSED has the authority to determine the commencement of child support. Sections 40-5-225, -226(3), MCA. Therefore, based on the record we cannot conclude that the District Court abused its discretion in this case.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT