No. 14966

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

_____

IN RE THE MARRIAGE OF;

EVELYN VERT,

Petitioner and Appellant,

vs.

DANFORD O. VERT,

Respondent and Respondent.

_____

Appeal from:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               Honorable H. William Coder, Judge presiding.

Counsel of Record:

    For Appellant:

        Swanberg, Koby, Swanberg and Matteucci, Great Falls,
        Montana

    For Respondent:

        Marra, Wenz, Iwen and Johnson, Great Falls, Montana

_____

Submitted on briefs: February 27, 1980

Decided:  JUL 24 1980

Filed:  JUL 2 4 ...

_Thomas J. Kearney_
                                     Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The wife appeals from that portion of a marriage dissolution decree entered in Cascade County District Court which distributed the property, denied her claim for maintenance and attorney fees. Because the findings are insufficient to support the judgment entered, and because there is also no evidentiary basis in the record sufficient upon which to predicate a final judgment, we vacate the judgment and remand for a new hearing.

The wife's primary contention is that the trial court was in error in deciding that the husband was entitled to a fifty percent share of the proceeds from the sale of the family home. In this respect the wife argues that the trial court failed to properly consider and apply the controlling statutory criteria set forth in section 40-4-202, MCA. The wife argues also that the evidence shows that she is presently unable to support herself and thus is entitled to maintenance, and further, that she is entitled to attorney fees.

In entering the decree in this case the trial court adopted virtually verbatim the proposed findings and conclusions submitted by counsel for the husband. With relation to the controlling findings, it did adopt verbatim the findings and conclusions submitted by counsel for the husband. We have previously set forth the standards for determining the sufficiency of the findings to comply with section 40-4-202, MCA, in the cases of In Re Marriage of Johnsrud (1977), ____ Mont. ____, 572 P.2d 902, 907, 34 St.Rep. 1417, 1423; and In Re Marriage of Reilly (1978), ____ Mont. ___, 577 P.2d 840, 842, 35 St.Rep. 451, 454. It would serve no useful purpose to again reiterate them. Suffice to say that measured by these standards the findings here are woefully inadequate.

-2-

We require, pursuant to section 40-4-202, that the trial court not simply recite the factors listed in this statute, but rather, that the trial court apply these factors to the evidence presented at trial and make its findings based on this evidence and factors which it is required to consider. It was not done here.

In determining that the family home should be sold and the proceeds divided evenly, the trial court failed first to consider all of the marital assets and to place a value on them. The husband is an employee of the Montana Highway Patrol and also of the United States Army Reserve; as such, he is in the future, entitled to receive retirement benefits from each. While the wife here testified that she was not asserting a direct marital interest in these retirement funds, the fact is that they are marital assets and must be considered. Marriage of Cromwell (1979), 588 P.2d 1010, 1012, 36 St.Rep. 60, 63. See also In Re Marriage of Miller (1980), ___ Mont. ___, 609 P.2d 1185, 37 St.Rep. 556, where we held a retirement pension from the service is an asset of the marriage and is not the sole property of the person who performed the military duty.

Nor did the trial court properly consider the contributions of the wife to the marital estate. The trial court found that the wife had contributed a total of $54,000 from all sources to the betterment of the marriage. On the other hand, it found that the husband had contributed a total of $142,500 from all sources to the betterment of the marriage. There are absolutely no findings as to how the trial court arrived at its $54,000 figure for the wife and there are absolutely no findings as to how the trial court arrived at its $142,500 figure for the husband. Both of them appear to

be figures pulled out of the air. They were proposed to the trial court by counsel for the husband.

With relation to the husband, it appears that the trial court adopted the husband's entire estimates of his own contributions to the marriage which he had set forth in an exhibit. There was a total lack of evidentiary support for such exhibit. For example, the husband valued his contribution to the marriage in the way of salary each year at $15,000 per year for eight years. The fact is that the husband's salaries, as evidenced by the two forms admitted in relation to certain years, was far below this. Furthermore, from this salary the husband also paid child support for a child from a previous marriage. It also appears that the trial court bought the husband's estimates of the number of hours he worked on the family home at the rate of $5 per hour worked. But the trial court did not, however, make any attempt to evaluate the number of hours nor place a reasonable value of the work which the wife performed on the house and the other duties she performed.

It is true that the husband worked throughout the marriage and therefore was the primary source of income. But it is also true that the wife was not exactly idle during these married years. At the time of her marriage here, she was 43 years old and contributed many assets to the marriage: $16,320 representing proceeds from the sale of her home in Broadus; $3,000 in the form of furniture and appliances; $5,000 as the value of an automobile; $20,000 as representing proceeds from a contract for deed resulting from the sale of her deceased former husband's business and cash in a checking account. During the course of the marriage, the wife repossessed the business and then sold it for $8,500, and the installment payments plus interest amount to

-4-

$12,000, all of which was contributed to the marriage. The husband, on the other hand, brought into the marriage only a few personal possessions and $4,000 in debts. The wife was not idle at home: she performed substantial labor in remodeling and improving the family home by erecting a chain link fence, pouring concrete, and painting and hanging wallpaper; she performed household chores and maintenance by mowing the lawn and shoveling snow; she sewed clothes and curtains, and knitted and sold sweaters; she raised a garden, canned, traded produce for beef, and sold produce and seedlings; she raised, killed and processed chickens and turkeys; and, she assisted in raising her husband's children by a previous marriage.

Although the trial court had no trouble in evaluating the husband's contributions, we have no idea of how or why the trial court arrived at the figure in concluding that the wife had contributed a total of $54,000 to the betterment of the marriage. Surely if the court could arrive at a figure for the husband, it could arrive at a figure for the wife.

Because a new hearing must be held in relation to the disposition of the marital assets not disposed of by agreement, it is premature to decide the issue of maintenance. The same is true concerning the issue of attorney fees. The trial court can only be in a position to properly decide these issues after it has arrived at an equitable property division in compliance with section 40-4-202, MCA, and the cases setting forth the method of compliance.

The judgment apportioning the marital assets is vacated and returned for a new hearing. The trial court is instructed to obtain a proper evidentiary basis for whatever judgment it reaches and to enter proper findings and conclusions.

Justice

-5-

We Concur:

------------------------------
   Chief Justice

_Gene B. Daly_

_John Conway Harrison_

------------------------------

Mr. Chief Justice Frank I. Haswell, specially concurring:

      I concur in the result on the grounds that the findings are not supported by the evidence and that the findings are insufficient to support the judgment.

_Frank I. Haswell_
------------------------------
         Chief Justice