No. 05-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 136

_____

IN RE THE MARRIAGE OF
PATSY A. BARTSCH,

        Petitioner and Respondent,

  and

ALVIN E. BARTSCH,

        Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade, Cause No. BDR-2001-151,
                    The Honorable Julie Macek, Presiding Judge.


COUNSEL OF RECORD:

        For Appellant:

                Steven T. Potts, Thompson, Potts & Donovan, P.C., Great Falls, Montana

        For Respondent:

                Marcia Birkenbuel, Attorney at Law, Great Falls, Montana

_____

Submitted on Briefs:  June 7, 2006

Decided:  June 11, 2007

Filed:

_____
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Alvin E. Bartsch (Alvin) appeals from an Order of the District Court of the Eighth Judicial District Court, Cascade County, distributing the marital estate of his now dissolved marriage to Patsy A. Bartsch (Patsy).  We affirm in part and remand in part for further proceedings consistent with this Opinion.

¶2     Alvin raises two issues on appeal:

¶3     (1)  Did the District Court err in distributing 20 percent of the stock of Bartsch Farms, Inc., to Patsy?

¶4     (2)  Did the District Court err in distributing 80 percent of the remaining marital estate, after distribution of the Stock, to Patsy?

## BACKGROUND

¶5     This is the second time this case has come before this Court.  *See In re Marriage of Bartsch*, 2004 MT 99, 321 Mont. 28, 88 P.3d 1263 (*Bartsch I*).  This Court outlined facts applicable to this litigation in *Bartsch I*.  We summarize additional facts relevant to this appeal as follows.

¶6     In *Bartsch I*, ¶¶ 27, 43, this Court affirmed the District Court's valuation of the stock of Bartsch Farms, Inc.  The parties do not contest the valuation of the remainder of the marital estate.  Thus, the value of the marital estate is settled.  Alvin appeals the distribution of the estate.

¶7     Stock in Bartsch Farms, Inc. (hereinafter Stock) was gifted to Alvin prior to and during the marriage.  In *Bartsch I*, ¶¶ 38, 43, we remanded the case for findings on whether and to what extent Patsy actually contributed to the preservation or appreciation

2

of the gifted Stock. Additionally, we reversed and remanded to the District Court for findings of fact, considering the factors listed in § 40-4-202, MCA, regarding distribution of the marital estate. *Bartsch I*, ¶ 20.

¶8 On remand, the District Court heard argument from counsel and issued its Amended Order. The order included detailed findings regarding Patsy's contribution to the preservation of the value of the gifted Stock. The District Court, considering the factors contained in § 40-4-202(1), MCA, found it equitable to distribute 20 percent of that Stock to Patsy. The District Court went on to distribute to Patsy approximately 80 percent of the remaining assets of the marital estate, the value of which is $215,467. Alvin was distributed 20 percent of the remaining assets valued at $54,899. This distribution resulted in an approximate 50-50 percent distribution of the total value of the marital estate, including the Stock.

## STANDARD OF REVIEW

¶9 Section 40-4-202, MCA, governs the distribution of a marital estate. It vests a district court with broad discretion to apportion the marital estate in a manner equitable to each party under the circumstances. *In re Marriage of Swanson*, 2004 MT 124, ¶ 12, 321 Mont. 250, ¶ 12, 90 P.3d 418, ¶ 12 (citing *In re Marriage of Bee*, 2002 MT 49, ¶ 34, 309 Mont. 34, ¶ 34, 43 P.3d 903, ¶ 34). We review a district court's findings of fact regarding a division of marital assets to determine whether the findings are clearly erroneous. Findings are clearly erroneous if: (1) they are not supported by substantial evidence; (2) the district court misapprehended the effect of the evidence; or (3) the district court made a mistake. We review a district court's conclusions of law to

determine whether the conclusions are correct. We will affirm a district court's division of property, absent clearly erroneous findings, unless we identify an abuse of discretion. *In re Marriage of Horton*, 2004 MT 353, ¶ 7, 324 Mont. 382, ¶ 7, 102 P.3d 1276, ¶ 7 (citing *Bartsch I,* ¶ 13 (citations omitted)).

## ISSUE ONE

¶10   *Did the District Court err in distributing 20 percent of the stock of Bartsch Farms, Inc., to Patsy?*

¶11    Alvin argues that no substantial evidence supports the District Court's findings that Patsy is entitled to be distributed 20 percent of the Stock. He faults the District Court for failing to consider evidence he presented affecting the value of the Stock. He argues that Patsy can claim no interest in the Stock because she failed to show how she contributed to the appreciation of its value. According to Alvin, the District Court should not have distributed any of the Stock to Patsy.

¶12    Patsy counters that the District Court acted within its broad discretion to resolve the disputes surrounding her contributions to the preservation or maintenance of the value of the Stock. She reasons that the District Court sufficiently followed this Court's instructions on remand, and made specific findings, which are supported by substantial evidence, regarding whether and how she contributed to the farming operation, and thus maintained the value of the Stock.

¶13    In its findings of fact 12 through 14, the District Court discussed its reasoning behind how Patsy, as a homemaker, facilitated the farming operation and thus contributed to the maintenance of the value of the Stock.

4

¶14    The District Court found:

(12)    Ms. Bartsch enabled Mr. Bartsch to work the farm and preserve its value and thereby contributed to the preservation of the family farm stock by being a full time homemaker. Ms. Bartsch was virtually exclusively responsible for the home. She cooked all of the meals for Mr. Bartsch and their children. When needed she took the meals out to the field. She did the family laundry, raised a garden, canned, did the shopping, and cleaned the home. She took the children into school every day which was 20 miles each direction, for a total of 80 miles per day. She also took them to doctor's appointments and cared for them when they were ill. Ms. Bartsch also would occasionally contribute directly to the preservation of the farm by obtaining parts when needed, preparing food for extra workers during harvest, which was approximately two weeks out of the year, and performing other tasks when requested.

(13)    Ms. Bartsch's contributions directly enabled Mr. Bartsch to have a minimum of two hours per day to work on the farm and preserve the value of the farming operations by relieving him of any responsibility or duty to provide childcare and maintain the operation of the family farm during the course of the marriage. Assuming an eight-hour workday, this computes to 20% of Mr. Bartsch's workday on the farm resulting from the contribution of Ms. Bartsch.

(14)    Considering this contribution by Ms. Bartsch which directly facilitated Mr. Bartsch in the preservation of the farming operation, the Court finds that it is equitable under the provisions of 40-4-202(1), MCA, to award Ms. Bartsch 20% of the value of the stock of Bartsch Farms in the marital estate ($400,115.00 x .20 = $80,023.00).

¶15    In their briefs on appeal, both parties note that the District Court's calculations contain an error of 5 percent in Alvin's favor. However, Patsy makes no protest. Neither, of course, does Alvin.

¶16    Alvin argues the District Court's findings are flawed because they ignored factors affecting the value of the Stock. However, in *Bartsch I*, ¶ 27, we affirmed such valuation. When this Court affirms a part of a case and remands for reconsideration another part of a judgment, the affirmed parts of the judgment become the law of the

5

case. The parts of the original judgment affirmed on appeal become binding upon the trial court and the parties in subsequent proceedings. *In re Marriage of Becker*, 255 Mont. 357, 361, 842 P.2d 332, 334 (1992) (citing *City of Missoula v. Mountain Water Co.*, 236 Mont. 442, 446, 771 P.2d 103, 105 (1989)). The value of the Stock is fixed as the law of the case. The District Court's findings of fact are not flawed because of valuation issues.

¶17 Alvin further argues that the District Court misapprehended and misapplied *In re Marriage of Steinbeisser*, 2002 MT 309, ¶ 47, 313 Mont. 74, ¶ 47, 60 P.3d 441, ¶ 47, when it awarded a portion of the Stock to Patsy. Alvin contends that Patsy did not contribute to the appreciation of the gifted Stock as required by *Steinbeisser* and § 40-4-202, MCA. Patsy counters that the district court has broad discretion to apportion the marital estate equitably. She asserts that a district court is not required to adhere to a specific formula in its distribution of a marital estate.

¶18 The dissent finds fault with the District Court's findings of fact saying that they do not specifically justify the distribution of a 20 percent share of the value of the stock to Patsy as instructed in *Bartsch I*, ¶¶ 38, 42. In *In re the Marriage of Barron*, we held that if a trial judge's findings and conclusions are clear to this Court, failure to state them in the recommended form is not substantial error. 177 Mont. 161, 164, 580 P.2d 936, 938 (1978). Findings of fact and conclusions of law provide a foundation for the court's judgment. This foundation need not consist of a multitude of evidentiary facts and the required findings of fact is nothing more than a recordation of the essential and determining facts upon which the District Court rested its conclusions of law and without

6

which the District Court's judgment would lack support. *See In re Marriage of Krause*, 200 Mont. 368, 374-75, 654 P.2d 963, 966 (1982) (omission of the effect or weight given to findings of non-monetary contributions is not reversible error; district court's broad discretion in dividing marital estate prevented this Court from finding error even where a spouse's non-monetary contributions were deemed substantial contributions); *In re Marriage of Lawrence*, 2005 MT 125, ¶ 15, 327 Mont. 209, ¶ 15, 112 P.3d 1036, ¶ 15; *In re Marriage of Nalivka*, 222 Mont. 84, 88, 720 P.2d 683, 686 (1986) (custody determination findings need not be in any particular form if there is substantial credible evidence to support the judgment on the merits). The findings of fact state what she did to deserve this portion of the marital estate, show that she contributed to both the preservation and the increase in value of the stock, and set forth the reasoning of the District Court sufficient to allow informed appellate review. On this issue the trial judge's findings of fact are sufficiently clear.

¶19 Section 40-4-202, MCA, provides, *inter alia*, that the court is to divide property equitably between the parties. In making apportionment, the court shall consider the contribution to the existing value of marital assets as they relate to the contribution of a spouse as a homemaker or to the family unit. In dividing property acquired by gift, the court shall also consider the extent to which such contributions have facilitated the maintenance of gifted property.

¶20 Section 40-4-202, MCA, is based on § 307 of the Uniform Marriage and Divorce Act. It embraces the theory that all property is to be distributed equitably, considering all of the circumstances of a particular marriage. The theory of equitable distribution

recognizes, and attempts to compensate for, each party's contribution to the marriage.

¶21 This Court has construed § 40-4-202, MCA, to mean that assets belonging to a spouse prior to marriage, or acquired by gift during the marriage, are not a part of the marital estate unless the non-acquiring spouse contributed to the preservation, maintenance, or increase in value of that property. *In re Marriage of Rolf*, 2000 MT 361, ¶ 46, 303 Mont. 349, ¶ 46, 16 P.3d 345, ¶ 46 (citations omitted). If the contributions of a homemaker have facilitated the maintenance of the property, the court may include that property in the marital estate for distribution. *In re Marriage of Davies*, 266 Mont. 466, 474, 880 P.2d 1368, 1373 (1994) (citations omitted). Where both spouses have contributed to the preservation of gifted property, it may be inequitable to award the non-acquiring spouse only a small fraction of the value of the asset on dissolution. *In re Marriage of Herron*, 186 Mont. 396, 405, 608 P.2d 97, 102 (1980).

¶22 In considering the particular facts presented in *Steinbeisser*, we concluded that the non-acquiring spouse was entitled to a share of only the appreciated or preserved value attributable to his or her efforts. *Steinbeisser*, ¶ 47 (citing *Rolf*, ¶ 46). Citing *In re Marriage of Foster*, 2004 MT 326, ¶ 14, 324 Mont. 114, ¶ 14, 102 P.3d 16, ¶ 14 (citations omitted), Alvin argues that *Steinbeisser*, at ¶ 47, entitles the non-acquiring spouse to an equitable share of "only" that portion of gifted property that appreciated in value because of his or her efforts. However, this Court has repeatedly emphasized that "[i]n determining the exact distribution of an asset acquired by gift or bequest during the marriage, no set formula can be established as to how the assets should be equitably distributed." *In re Marriage of Herrera*, 2004 MT 40, ¶ 32, 320 Mont. 71, ¶ 32, 85 P.3d

8

781, ¶ 32 (citing *Herron*, 186 Mont. at 402, 608 P.2d at 100) (*see also Morse v. Morse*, 174 Mont. 541, 546, 571 P.2d 1147, 1150 (1977)); *Biegalke v. Biegalke*, 172 Mont. 311, 315, 564 P.2d 987, 989 (1977) (holding that the court's exercise of its discretion in adjusting property rights between husband and wife must be reasonable under the circumstances of the case and there is no fixed formula or ratio to be applied in each instance). Each case has to be decided on its own merits. *Herron*, 186 Mont. at 401-02, 608 P.2d at 100 (citations omitted). Section 40-4-202, MCA, and the cases previously decided by this Court including *Bartsch I*, (*see Bartsch I*, ¶ 20), do not require that a district court make specific findings concerning changes in land values, grain prices, amount and value of crops, weather conditions during the marriage, financing costs, and salaries, before it can make an equitable distribution of corporate stock, a part of which was gifted to one spouse before the marriage. In accord with the Uniform Marriage and Divorce Act, § 40-4-202, MCA, recognizes that an equitable distribution cannot be made by applying some sort of a magic formula. Patsy's equitable share of the value of the Stock simply cannot be mathematically quantified. The district court is charged with determining what is a fair distribution, and unless it is clearly erroneous, its decision must be affirmed.

¶23 Section 40-4-202, MCA, requires a court to focus on the parties' contributions to the maintenance of the property as well as the source of gifted property. *In re Marriage of Engen*, 1998 MT 153, ¶ 34, 289 Mont. 299, ¶ 34, 961 P.2d 738, ¶ 34. For example, in *Herron*, 186 Mont. at 405, 608 P.2d at 102, we held that both spouses should share equally in the portion of the value of the gift property attributable to contribution from

9

the marriage and appreciation during the marriage. The Herrons did not, however, share equally in the total value of gifted property, since the marital assets came to the marriage principally as gifts for Mrs. Herron's benefit.

¶24    In *Herrera*, the district court was held to have erred when, without regard to the parties' contributions, it equally divided pre-acquired and gifted assets. We held the non-acquiring spouse was entitled to "only" an equitable share of the appreciated or preserved share of the pre-acquired and gifted property attributable to her efforts. However, our instruction on remand was not to divide the property considering only that part of the value attributable to appreciation. Rather, we affirmed the authority of the district court to consider the extent to which the non-acquiring spouse's contributions, including the non-monetary contributions as a homemaker, facilitated the preservation as well as appreciation of the entire value of the marital residence. *Herrera*, ¶ 25.

¶25    In this case, we conclude that it is not an abuse of discretion to distribute 20 percent of the value of the Stock to Patsy, the non-acquiring spouse. The District Court found that both spouses contributed to the maintenance of the property. Both spouses lived, worked and raised their two children on a family-owned farm from the time they married in 1972 until approximately 1996. Neither contest that the value of the farm increased after the Stock was given to Alvin. Both Alvin and Patsy contributed to the maintenance of the farm, and thus the value of the gifted Stock. The District Court's findings of fact support its distribution to Patsy of a significant fraction of the total value of the Stock.

¶26 Even so, Alvin faults the District Court for failing to consider the requirement in *Steinbeisser* that "absent a showing of contribution, being the family homemaker does not alone entitle one to the appreciation in the property." *Steinbeisser*, ¶ 47 (citing *In re Marriage of Hogstad*, 275 Mont. 489, 499, 914 P.2d 584, 590 (1996), superseded on other grounds as stated in *In re Marriage of Martinich-Buhl*, 2002 MT 224, ¶¶ 21-25, 311 Mont. 375, ¶¶ 21-25, 56 P.3d 317, ¶¶ 21-25). However, this concept applies only "absent a showing of contribution." In this case, there is a showing of contribution.

¶27 The District Court did not err in focusing on Patsy's contribution to the preservation of the Stock's value, as well as its increase in value. In *In re Marriage of Taylor*, 257 Mont. 122, 848 P.2d 478 (1993), the wife made non-monetary contributions to the marriage as a homemaker. These contributions facilitated the maintenance of the total value of a farming business, and she received a distribution commensurate with her contribution. Patsy is entitled to an equitable share of the business gifted to Alvin. Without her contributions in caring for the children and the home, Alvin would not have been able to devote the considerable time and effort the business required in order to preserve its value. *See Taylor*, 257 Mont. at 126, 848 P.2d at 480. As in *Taylor*, though Patsy and Alvin's duties were different in kind, each contributed to the preservation and maintenance of the value of the Stock.

¶28 Alvin also argues that the District Court abused its discretion by simply speculating that Patsy was entitled to 20 percent of the Stock. Alvin is correct that "speculation, conjecture, inference, or guess do not constitute credible factual evidence." *In re Marriage of Harper*, 1999 MT 321, ¶ 35, 297 Mont. 290, ¶ 35, 994 P.2d 1, ¶ 35

11

(quotations omitted). However, it is also true that § 40-4-202(1), MCA, "vests a trial court with far-reaching discretion to fashion a fair distribution of the marital property using reasonable judgment and relying on common sense." *Harper*, ¶ 36.

¶29 The test for abuse of discretion in a marriage dissolution proceeding is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Harper*, ¶ 39 (citations omitted). The district court is to consider the statutory criteria and equitably apportion the marital assets. Each case must be looked at individually with an eye to its unique circumstances. *In re Marriage of Aanenson*, 183 Mont. 229, 234, 598 P.2d 1120, 1123 (1979). The discretionary judgments that a trial court must make in equitably dividing a marital estate are entitled to a presumption of correctness. *Harper*, ¶ 39 (citations omitted).

¶30 Here, the findings of fact are sufficient to support the rationale used in determining whether, and how, Patsy contributed to the preservation of the Stock. The District Court followed the statutory mandate of § 40-4-202, MCA, to consider Patsy's contributions to the marriage, including the non-monetary contribution of a homemaker and the extent to which such contributions have facilitated the maintenance of this property. The District Court's findings of fact are supported by substantial evidence, it did not misapprehend the effect of the evidence, and our review of the record does not convince us that the District Court made a mistake. The District Court did not abuse its discretion in its distribution of 20 percent of the Stock to Patsy.

12

**ISSUE TWO**

¶31    *Did the District Court err in distributing 80 percent of the remaining marital estate, after distribution of the Stock, to Patsy?*

¶32    Alvin contends that the District Court erred in its distribution of approximately 80 percent of the remainder of the marital estate to Patsy because no findings of fact explain such a distribution.

¶33    Findings of fact inform the court of appeals of the basis of the judgment. While articulation of the factors in § 40-4-202, MCA, is encouraged, the absence of specific findings concerning each of these factors does not automatically warrant remand. Rather, findings of fact must only be sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and the evidence presented must support them. *In re Marriage of DeBuff*, 2002 MT 159, ¶ 32, 310 Mont. 382, ¶ 32, 50 P.3d 1070, ¶ 32. Such findings must be complete at least to the point that this Court need not succumb to speculation when assessing the conscientiousness or reasonableness of the district court's judgment. *Larson v. Larson*, 200 Mont. 134, 139, 649 P.2d 1351, 1354 (1982). The trial court must not simply recite the factors listed in § 40-4-202, MCA, but articulate the reason for its findings based on those factors it considers in making the distribution. *Vert v. Vert*, 188 Mont. 358, 359, 613 P.2d 1020, 1021 (1980).

¶34    In the present case, after the District Court distributed the stock in Bartsch Farms, Inc., it found the remaining marital estate consisted of $270,366. The District Court awarded $215,467, or approximately 80 percent of the remaining $270,366, to Patsy. It awarded the remaining $54,899, or approximately 20 percent to Alvin. In ordering this

disparate distribution, the District Court simply stated, "[t]he Court finds the following is an equitable division of the marital estate." This conclusive statement requires this Court to engage in pure speculation in assessing the conscientiousness or reasonableness of the District Court's judgment. As we have no basis upon which to review whether the distribution of the marital estate is equitable, as required by § 40-4-202, MCA, we must reluctantly remand this case once again for a reasoned consideration of what constitutes an equitable distribution of that portion of the marital estate which does not include the Stock.

¶35    Reversed and remanded for further proceedings in conformity with this Opinion.


/S/ JOHN WARNER


We Concur:

/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART


Justice James C. Nelson dissents.

¶36    In *In re Marriage of Bartsch*, 2004 MT 99, 321 Mont. 28, 88 P.3d 1263 ("*Bartsch I*"), we addressed five issues. We held that the District Court did not err in valuing the Bartsch Farms, Inc. shares of stock at $3.62 per share, *Bartsch I*, ¶ 27 (Issue 2), and we held that the District Court did not err in awarding Patsy the cash and surrender values of Alvin's life and annuity policies, *Bartsch I*, ¶ 34 (Issue 3).

14

¶37 The three other issues we addressed were as follows: did the District Court err in finding that an equitable distribution of marital property automatically required an equal distribution (Issue 1); did the District Court abuse its discretion in awarding Patsy $119,773.50 (Issue 4); and was the District Court's granting of a security interest in Alvin's Bartsch Farms, Inc. shares contrary to the law (Issue 5). As to each of these three issues, we reversed the District Court's findings of fact and conclusions of law regarding its distribution of the marital estate and remanded for specific findings regarding whether Patsy contributed to the preservation or appreciation of the gifted property and, if so, specifically how and to what extent she contributed. *See Bartsch I*, ¶¶ 20, 38, 42. We reversed and remanded within the context of, and under our holding in, *In re Marriage of Steinbeisser*, 2002 MT 309, 313 Mont. 74, 60 P.3d 441. *See Bartsch I*, ¶¶ 18-20.

¶38 In *Steinbeisser*, we addressed, among other issues, the question of whether the district court erred when it awarded the wife two-thirds of the appreciated value of the husband's pre-acquired property. *See Steinbeisser*, ¶¶ 44-54. Quoting § 40-4-202(1), MCA, we emphasized that in dividing property acquired prior to the marriage and the increased value of property acquired prior to the marriage, the court must consider the contributions of the other spouse to the marriage, including the nonmonetary contribution of a homemaker, the extent to which such contributions have facilitated the maintenance of this property, and whether or not the property division serves as an alternative to maintenance arrangements. *Steinbeisser*, ¶ 47.

¶39 Just as important, we went on to reiterate well-established principles from our jurisprudence. Specifically, we observed:

> The non-acquiring spouse is entitled to an equitable share of only the appreciated or preserved value which is attributable to his or her efforts. A court cannot distribute to the non-acquiring spouse property acquired prior to the marriage when there is no evidence that the spouse made any contribution to those assets in any form. *Absent a showing of contribution, being the family homemaker does not alone entitle one to the appreciation in the property. Finally, a non-acquiring spouse is not entitled to a share of the increase in premarital property when the property's appreciation is due simply to market factors.*

*Steinbeisser*, ¶ 47 (emphasis added, citations omitted).

¶40 Reviewing the District Court's findings of fact at issue in this appeal, I cannot conclude that the court complied with our order in *Bartsch I* by making the specific findings of fact on the three issues remanded within the context of our decision in *Steinbeisser*. Rather, complete with errors in math, the court basically divided the marital estate 80/20 without specific findings as to the factors referred to in § 40-4-202(1), MCA, or the factors referred to in *Steinbeisser*, listed above. While the Court's Opinion here justifies the District Court's decision on the basis of trial courts' broad discretion in distributing marital property, that is wholly insufficient, given our remand instructions in *Bartsch I*.

¶41 Indeed, there are no specific findings that show how exactly Patsy's efforts as a homemaker contributed to the increased value of Alvin's stock acquired prior to the marriage. There is no indication as to how much of the increase in value was due to changes in market factors—for example, changes in land values, changes in grain prices, the amounts and types of crops produced on the farm, droughts, costs of financing the farm, and management. Moreover, the court failed to consider that both Alvin and Patsy received wages and salaries for their work on the farm and that the payment of wages

16

decreased the value of the corporation's net assets and decreased the value of Alvin's shares of stock. Similarly, there was no consideration by the court that Alvin's ownership in the family farm corporation was a minority interest of 39% of the total outstanding shares; that Alvin's shares were acquired by gift; and that many were obtained before his marriage to Patsy.

¶42 The District Court's findings of fact numbers 11, 12, 13, and 14 are not sufficiently specific and are, therefore, legally insufficient to answer the seminal issue of how Patsy's homemaking efforts contributed to the appreciation in value of Alvin's stock. Indeed, all of these findings focus solely on Patsy's contributions as a homemaker in preserving the value of the farming stock and facilitating any appreciation in its value. That is precisely what we said trial courts may not do in *Stoneman v. Drollinger*, 2000 MT 274, 302 Mont. 107, 14 P.3d 12. We stated:

> Drollinger is not entitled to the [farm] property simply by virtue of being the homemaker in the family. In order for her to claim an interest, she would have to prove that the value of the property had appreciated during the marriage and that she had somehow contributed to that appreciation in value.

*Stoneman*, ¶ 20 (citing *In re Marriage of Smith*, 264 Mont. 306, 312, 871 P.2d 884, 888 (1994), and *In re Marriage of Herron*, 186 Mont. 396, 405, 608 P.2d 97, 102 (1980)). The District Court's findings of fact numbers 11 through 13 do not demonstrate that any such proof was admitted here. Therefore, I cannot agree with the court's distribution of 20% of the value of the Bartsch Farms stock to Patsy absent the specific findings that we required in ¶¶ 20, 38, and 42 of *Bartsch I*.

17

¶43    In support its decision to affirm the District Court, this Court cites four cases: *In re Marriage of Barron*, 177 Mont. 161, 580 P.2d 936 (1978), *In re Marriage of Krause*, 200 Mont. 368, 654 P.2d 963 (1982), *In re Marriage of Lawrence*, 2005 MT 125, 327 Mont. 209, 112 P.3d 1036, and *In re Marriage of Nalivka*, 222 Mont. 84, 720 P.2d 683 (1986).  Not one of these cases involved the trial court's compliance—or lack thereof—with an order on remand.  The general principles of law referred to in the cases cited by the Court at ¶ 18 are not at issue here because in *Bartsch I*, we remanded for specific findings regarding whether Patsy contributed to the preservation or appreciation of the gifted property and, if so, specifically how she contributed.  *Bartsch I*, ¶¶ 20, 38, 42.  Moreover, we reversed and remanded *Bartsch I* within the context of our decision in *Steinbeisser* (*see Bartsch I*, ¶¶ 18-20)—a case which pointedly held that "[a]bsent a showing of contribution, *being the family homemaker does not alone entitle one to the appreciation in the property*."  *Steinbeisser*, ¶ 47 (emphasis added).  Here, that is, of course, the only thing the District Court's general findings and conclusions addressed—Patsy's contribution solely as the family homemaker.

¶44    This Court's default to general principles to save the District Court's clear error flies in the face of not only our well-settled jurisprudence, but also, and more importantly, the law of this case from *Bartsch I*—which, as already noted, required the District Court to make "*specific* findings regarding whether Patsy contributed to the preservation or the appreciation of the gifted property, and if so, *specifically* how she contributed," *Bartsch I*, ¶¶ 38, 42 (emphases added), pursuant to our decision in *Steinbeisser*, *Bartsch I*, ¶¶ 18-20.  *See Scott v. Scott*, 283 Mont. 169, 175-76, 939 P.2d

18

998, 1001-02 (1997) (applying the law of the case doctrine to an appeal in a marital dissolution case); *In re Marriage of Becker*, 255 Mont. 357, 361, 842 P.2d 332, 334 (1992) (same).

¶45 Finally, since the District Court did not adequately resolve the matter of Patsy's contribution to the appreciation in the value of the stock in accordance with our remand in *Bartsch I*, it necessarily follows that the court cannot correctly determine an equitable distribution of the non-stock marital assets pursuant to our remand here.

¶46 Quite simply, while a trial judge may exercise broad discretion in distributing a marital estate, intoning that mantra will not substitute for specific findings of fact, as required by our caselaw, on an issue involving the appreciation in value of property acquired by one spouse pre-marriage—especially where, as here, we required those findings in a prior remand of the same case.

¶47 I would reverse and remand for findings in accordance with *Bartsch I* not only as to Issue Two but on Issue One as well.

¶48 I dissent from our failure to do so.


/S/ JAMES C. NELSON


Chief Justice Karla M. Gray and Justice Jim Rice join in the Dissent of Justice James C. Nelson.

/S/ KARLA M. GRAY
/S/ JIM RICE