

DA 10-0354

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 310N

CHERYL UPSHAW,

        Petitioner, Appellee and Cross-Appellant,

  v.

THOMAS AYER,

        Respondent, Appellant and Cross-Appellee.

APPEAL FROM:     District Court of the Eighteenth Judicial District,
                    In and For the County of Gallatin, Cause No. DR 05-300B
                    Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Christopher J. Gillette, The Law Office of Christopher J. Gillette, PC, Bozeman, Montana

        For Appellee:

                Cheryl Upshaw, self-represented, Manhattan, Montana

                            Submitted on Briefs:   November 9, 2011

                                      Decided:   December 13, 2011

Filed:

                _____
                              Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     In this dissolution action, Thomas Ayer ("Tom") appeals an Order of the Eighteenth Judicial District Court, Gallatin County, awarding the marital home to Cheryl Upshaw ("Cheryl"), Tom's putative spouse, in lieu of maintenance. Cheryl cross-appeals the denial of her motion for attorneys' fees. We affirm.

¶3     Tom and Cheryl met in December of 2002 and began a relationship. Cheryl petitioned for dissolution in July of 2005, believing the parties were married. Tom and Cheryl briefly reconciled, but the relationship was not to last.

¶4     Beyond the facts stated above, what transpired from December 2002 through the dissolution proceeding is still largely in dispute, despite the parties' assertions to the contrary. In any event, neither Tom nor Cheryl challenges the factual findings of the District Court. We briefly discuss those facts below.

¶5     It appears that shortly after meeting, Tom and Cheryl moved in together. Together they built a log home in Clarkston, Montana (the "Clarkston property"), which was held in joint tenancy with the right of survivorship. The District Court found that both Tom and Cheryl contributed significantly to building and maintaining the home.

¶6 Tom and Cheryl were never officially married. However, at various times during the course of this case, each has claimed they were married, and each has denied they were married. A religious ceremony held in Mexico in 2004 was presented by both parties as a wedding, and alternately, by Tom, as an "adoption" ceremony at which Tom adopted Cheryl as his sister. The District Court found the parties were never married under any legal theory, but that Cheryl was a putative spouse under § 40-1-404, MCA.

¶7 The District Court found that the only significant marital asset was the Clarkston property. Because each party contributed significantly to the Clarkston property, the District Court found "the parties are entitled to share equally in the division of the value of the Clarkston property." The District Court also found that Cheryl was "entitled to spousal maintenance based upon her limited resources, her health, her lack of sufficient property to support herself and her inability to be self supporting." The District Court then found that "[a]lthough Tom may not have the financial ability to pay spousal maintenance from his gross earnings, the distribution to Cheryl of the value of Tom's share of the Clarkston property will be commensurate with spousal maintenance of $600.00 per month for 40 months." The Clarkston property was awarded solely to Cheryl "in lieu of requiring Tom to pay spousal maintenance[.]"

¶8 The only issue Tom appeals is whether the District Court abused its discretion when it awarded the Clarkston property to Cheryl in lieu of maintenance. The only issue Cheryl cross-appeals is whether the District Court abused its discretion when it denied her motion for attorneys' fees.

¶9 We review the distribution of the marital estate, and the valuation of the distribution, for an abuse of discretion. *Bock v. Smith*, 2005 MT 40, ¶ 14, 326 Mont. 123, 107 P.3d 488. Similarly, we review the denial of attorneys' fees for an abuse of discretion. *Jones v. City of Billings*, 279 Mont. 341, 344-45, 927 P.2d 9, 11 (1996). A district court abuses its discretion when it acts arbitrarily without employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *Kelly v. Thompson*, 2009 MT 392, ¶ 13, 353 Mont. 361, 220 P.3d 627.

### The Clarkston Property

¶10 A district court has broad discretion in valuing and distributing the marital estate, and must do so in a manner equitable to each party under the circumstances. *In re Marriage of Bartsch*, 2007 MT 136, ¶ 9, 337 Mont. 386, 162 P.3d 72. Equitable distribution does not mean equal distribution. *In re Marriage of Fitzmorris*, 229 Mont. 96, 99, 745 P.2d 353, 354 (1987).

¶11 Property can be awarded in lieu of maintenance. *In re Marriage of Rolf*, 2003 MT 194, ¶ 22, 316 Mont. 517, 75 P.3d 770; *In re Marriage of Williams*, 2009 MT 282, ¶ 23, 352 Mont. 198, 217 P.3d 67. The district court must clearly state its intent to award the property in lieu of maintenance and make necessary findings to support an award of maintenance. *Rolf*, ¶ 22; *Williams*, ¶ 23. Sections 40-4-202 and -203, MCA, the statutes regarding distribution of property and maintenance, "must be considered together." *Rolf*, ¶ 25. There is a "clear preference for awarding property first." *Rolf*, ¶ 25.

¶12 This issue is one of judicial discretion and there clearly was not an abuse of

4

discretion. The District Court clearly stated its intent to award the Clarkston property in lieu of maintenance, considered both §§ 40-4-202 and -203, MCA, and made the required findings to support an award of maintenance.

## Attorneys' Fees

¶13 Section 40-4-110, MCA, governing costs and attorneys' fees in dissolution proceedings, provides:

> (1) The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 and for professional fees, including sums for legal and professional services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the professional, who may enforce the order in the professional's name.
> (2) The purpose of this section is to ensure that both parties have timely and equitable access to marital financial resources for costs incurred before, during, and after a proceeding under chapters 1 and 4.

¶14 Attorneys' fees incurred while seeking an order of protection from one's spouse may be awarded if the fees are determined to be "necessary articles" under § 40-2-210, MCA. *Missoula YWCA v. Bard*, 1999 MT 177, ¶ 24, 295 Mont. 260, 983 P.2d 933.

¶15 This issue is one of judicial discretion and there clearly was not an abuse of discretion. The District Court considered § 40-4-110, MCA, when determining Cheryl's request for attorneys' fees. Further, the District Court was within its discretion when it determined Cheryl was not entitled to attorneys' fees under *Missoula YWCA* in this dissolution proceeding.

## Conclusion

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion.

¶17    Affirmed.

/S/ MICHAEL E WHEAT


We Concur:


/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE

6